UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY ALEXANDER HOOKS,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

21-cv-10771 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, who is proceeding pro se, paid the fees to commence this action. He alleges that the defendants violated his rights. For the following reasons, the New York City Police Department ("NYPD") and the 13th Precinct are dismissed from this action. The time for certain defendants to respond to amended complaint is extended to April 15, 2022. Additionally, the plaintiff's requests under Federal Rules of Civil Procedure 55 and 62 are denied.

**A.**

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000), that it fails to state a claim, Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994), or that the Court lacks subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583

(1999). The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006).

The plaintiff's claims against the NYPD and the 13th Precinct must be dismissed. The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the city of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter ch. 17, § 396. The NYPD is an organizational subdivision of the City of New York and as such is not a suable entity. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The plaintiff's claims against the NYPD and its 13th Precinct are therefore dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**

The plaintiff filed affidavits of service indicating that Ralph Garcia, the City of New York, Jamie Niskanen-Singer, and Adam Neal were served both by mail and by an additional means in January and February 2022. The dates for these defendants to respond to the plaintiff's amended complaint have passed. The time for these defendants to respond to the plaintiff's amended complaint is extended to April 15, 2022. The plaintiff is

2

directed to mail copies of this Order to Ralph Garcia, the City of New York, Jamie Niskanen-Singer, and Adam Neal, and to file proof of service on the docket.

The plaintiff has not yet served Tara Convery or the Legal Aid Society. The plaintiff is reminded that if the plaintiff does not serve Convery or the Legal Aid Society within 90 days after the amended complaint was filed, the plaintiff's claims against those defendants may be dismissed for failure to prosecute. See Fed. R. Civ. P. 4(m).

The plaintiff's affidavit of service as to Kenmore & Associates LP ("Kenmore") indicates that Kenmore was served only by mail. ECF No. 14. Service by mail, without more, is insufficient to properly effect service on a limited partnership. See Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 301-a(a) ("Personal service upon any domestic or foreign limited partnership shall be made by delivering a copy personally to any managing or general agent or general partner of the limited partnership in this state, to any other agent or employee of the limited partnership authorized by appointment to receive service or to any other person designated by the limited partnership to receive process, in the manner provided by law for service of summons, as if such person was the defendant.").

The plaintiff is advised that he may contact the Pro Se Intake Unit at (212) 805-0175 should he have questions about service of process.

C.

Defendant Stephen Edwards answered the plaintiff's amended complaint and filed a counterclaim on March 2, 2022. See ECF No. 15. The plaintiff answered Edwards's counterclaim on March 16, 2022, and in his answer requested a "Rule 62 stay of proceedings to enforce a judgment and Rule 55 default judgment" as to Edwards. See ECF No. 16 at 1.

The plaintiff's requests should be denied. Edwards has appeared in this action and filed his response to the plaintiff's amended complaint less than a week after it was due. Moreover, the plaintiff cannot claim credibly that any delay by Edwards prejudiced the plaintiff. Accordingly, Edwards's response to the amended complaint is accepted as timely filed and the plaintiff's request for a default judgment as to Edwards is denied.

Additionally, Federal Rule of Civil Procedure 62 is inapposite where, as here, no judgment has been entered against any party. Accordingly, the plaintiff's request for a stay pursuant to Federal Rule of Civil Procedure 62 is denied.

4

**D.**

On March 16, 2022, the Court was informed that the plaintiff had delivered a USB stick that purportedly contained evidence and materials relevant to this case to the Pro Se Intake Unit. There is no indication that the plaintiff has served these materials on the other parties in this action. The plaintiff also has not explained how any of these materials are relevant to any pending motion or application before the Court. The plaintiff is advised that he may only submit materials to the Court and the Pro Se Intake Unit in formats that can be docketed. The plaintiff is also advised that he should not attempt to file or submit to the Court purported materials or evidence relating to this action unless such materials are relevant to and filed in connection with a motion or application before the Court.

**CONCLUSION**

For the foregoing reasons, the plaintiff's claims against the New York City Police Department and the 13th Precinct are dismissed. The time for Ralph Garcia, the City of New York, Jamie Niskanen-Singer, and Adam Neal to respond to the amended complaint is extended to April 15, 2022. The plaintiff's requests under Federal Rules of Civil Procedure 55 and 62 are denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to mail a copy of this Order to the plaintiff, together with an information package, and to note service on the docket.

**SO ORDERED.**

Dated: March 22, 2022
      New York, New York

                                     _____
                                     JOHN G. KOELTL
                                     United States District Judge