UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY ALEXANDER HOOKS,

        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

        Defendant.

21-CV-10771 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

In this action, which has been referred to me for general pretrial management, there is at present no uniform date for the various defendants to answer or otherwise respond to the Amended Complaint. (Dkt. No. 3.)

One defendant – Stephen Edwards – has already filed an answer and counterclaim. (Dkt. No. 15.)[1]

Four defendants – Ralph Garcia, the City of New York (City), Jamie Niskanen-Singer, and Adam Neal – have been given an extension of time to respond to the Amended Complaint

---

[1] The counterclaim seeks a judgment of $100,000 against plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure, which permits a federal trial court, on motion or notice, to sanction a party or attorney for, *inter alia*, filing frivolous claims in violation of Rule 11(b). It is well-settled, however, that "Rule 11 does not create an independent cause of action." *Benistar Admin Servs., LLC v. Wallach*, 2021 WL 1186352, at *5 (E.D.N.Y. Mar. 30, 2021) (quoting *Sean Michael Edwards Design, Inc. v. Pyramid Designs*, 1999 WL 1018072, at *1 (S.D.N.Y. Nov. 9, 1999)). "Rather, Rule 11 permits a court to 'impose an appropriate sanction on any attorney, law firm, or party' who either violates Rule 11(b) him or herself or is responsible for the violation." *Benistar Admin Servs.*, 2021 WL 1186352, at *5. Under the express provisions of the rule itself, a motion seeking sanctions under Rule 11 must be made "separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Defendant Edwards does not appear to have done any of these things. Consequently, no later than **April 15, 2022**, Edwards shall either (i) move to dismiss his counterclaim voluntarily pursuant to Fed. R. Civ. P. 41(a)(2) and (c), or (ii) show cause in writing why the counterclaim should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

until April 15, 2022. (Dkt. No. 18.) The remaining defendants do not appear to have been served (or, in the case of defendants Kenmore and Associates, LCC, served effectively).

Meanwhile, one of the served defendants – the City – has moved for a stay of this action pending the outcome of plaintiff's underlying criminal proceedings. (Dkt. No. 21.) By order dated March 25, 2022 (Dkt. No. 22), I gave the plaintiff a deadline of April 15, 2022 to respond to that motion. Most recently, served defendant Niskanen-Signer and unserved defendant The Legal Aid Society seek leave to file a motion to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 23.)[2]

The Court further notes that plaintiff appears to have filed a similar case in state court, against some of the same defendants, captioned *Hooks v. The City of New York*, Index No. 100090/21 (N.Y. Sup. Ct., N.Y. Co.). *See* Ans. to Counterclaim (Dkt. No. 15), ECF page 36-44.

In order to conserve resources and promote efficiency, it is hereby ORDERED that the deadline for the served defendants (other than Edwards) to answer or otherwise respond to the Amended Complaint is EXTENDED to **May 15, 2022.** If any defendant (other than the City) wishes to respond to the City's stay motion, that defendant may do so, in the form of a letter-brief no longer than four pages, no later than **April 15, 2022**.

Dated: New York, New York  
       April 1, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[2] No pre-motion conference is required under Judge Koeltl's Individual Practices, (*see* Dkt. No. 26), or mine, before a defendant may move to dismiss a complaint.