```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

WESLEY ALEXANDER HOOKS,

                 Plaintiff,           21-cv-10771 (JGK)

       - against -             <u>MEMORANDUM OPINION</u>
                                            <u>AND ORDER</u>
CITY OF NEW YORK, ET AL.,

                 Defendants.

------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    On November 16, 2022, this Court issued a Memorandum Opinion and Order that (1) dismissed the plaintiff's claims against the Legal Aid Society ("Legal Aid") and Jamie Niskanen-Singer with prejudice; (2) dismissed the plaintiff's claims against the City of New York (the "City"), Tara Convery, Kenmore & Associates LP ("Kenmore"), and Ralph Garcia without prejudice; (3) denied the plaintiff's motion for the appointment of special counsel with prejudice insofar as it was filed under 28 C.F.R. § 600.1, and without prejudice insofar as the plaintiff seeks counsel pursuant to 28 U.S.C. § 1915(e)(1); and (4) denied the plaintiff's motion for summary judgment with prejudice as to Legal Aid and Niskanen-Singer, but without prejudice as to the City, Convery, Kenmore, Garcia, and additional defendants Stephen Edwards and Adam Neal. See ECF No. 84 ("November 16, 2022 Opinion").

On December 7, 2022, the plaintiff filed two submissions related to the November 16, 2022 Opinion. The first is styled as an "objection" to that Opinion, see ECF No. 85 ("Objection"), and the second is a motion for recusal of the undersigned pursuant to 28 U.S.C. § 455. See ECF No. 87 ("Recusal Motion").

The plaintiff invokes three provisions in support of the Objection, but none supplies a basis for questioning the merits of the November 16, 2022 Opinion. The first provision, Federal Rule of Civil Procedure 46, sets forth the basic requirements for presenting objections during a trial, and it is therefore inapplicable here. See Fed. R. Civ. P. 46.

The other provisions cited in the Objection, 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1, concern cases in which a party has asserted a constitutional challenge to a state or federal statute. See, e.g., 28 U.S.C. § 2403(a)-(b) (requiring that federal courts certify such challenges to the relevant government authority). And Rule 5.1 sets forth various procedural requirements that parties and federal courts must follow when a party "files a pleading, written motion, or other paper drawing into question the constitutionality" of a statute. Fed. R. Civ. P. 5.1(a).[1]

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

In his Objection, the plaintiff appears to rely on these provisions to argue that the United States must be allowed "to intervene for [the] presentation of evidence" on his behalf. Hooks Objection Decl., ECF No. 86, at 2. But 28 U.S.C. § 2403 and Rule 5.1 are wholly inapplicable to this case. The complaint is devoid of any allegations suggesting that the plaintiff here intended to challenge the constitutionality of a statute; rather, the plaintiff alleged that the actions of the various defendants violated his constitutional rights. See Compl., ECF No. 3. In any event, neither 28 U.S.C. § 2403 nor Rule 5.1 provides the plaintiff with a basis for lodging substantive objections to the Court's rulings. The plaintiff's reliance on these provisions in the Objection is misplaced.

To the extent the Objection can be construed as a motion for reconsideration of the November 16, 2022 Opinion, any such motion also fails. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

3

1995). The plaintiff's Objection does not meet that standard.[2] Accordingly, the Objection is **denied**.

The plaintiff's Recusal Motion is likewise unfounded. As relevant here, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," id. § 455(a), or in any case where "he has a personal bias or prejudice concerning a party," id. § 455(b)(1). In applying this statute, the Court must ask "whether an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." Sharkey v. J.P. Morgan Chase & Co., 251 F. Supp. 3d 626, 629 (S.D.N.Y. 2017).

Here, the plaintiff asserts that this Court has exhibited "personal bias [and] prejudice" against the plaintiff because the Court has "denied" "each motion" submitted by the plaintiff. Hooks Recusal Decl., ECF No. 88, at 2. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540,

---

[2] The plaintiff's Objection, if construed as a motion for reconsideration, is also untimely. Pursuant to Local Rule 6.3, a motion for reconsideration of an order must be filed within 14 days of the entry of that order. See S.D.N.Y. Local Civil Rule 6.3. Here, the plaintiff's Objection was filed 21 days after the November 16, 2022 Opinion was issued.

4

555 (1994). Only "in the rarest circumstances" will such rulings evince "the degree of favoritism or antagonism required" to justify recusal, id., and no reasonable observer could possibly discern any favoritism or antagonism here. Indeed, an objective third-party would have no reason to question the impartiality and fairness of the Court or of the November 12, 2022 Opinion. That Opinion carefully surveyed the plaintiff's allegations, construed those allegations in the light most favorable to the plaintiff, and provided detailed explanations of the various legal and factual deficiencies that required dismissal of the plaintiff's claims and denial of the plaintiff's motions. Moreover, the Opinion made clear that the plaintiff was entitled to amend the claims that were dismissed without prejudice, and that the plaintiff would have another opportunity to move for summary judgment or for the appointment of pro bono counsel at appropriate stages of the proceedings. See November 16, 2022 Opinion at 22-23, 30, 33-35. If the plaintiff is dissatisfied with the Court's rulings, he will have an opportunity to appeal those rulings to the Court of Appeals for the Second Circuit when there is a final decision in this case, but that dissatisfaction is not a sound basis for recusal. See Liteky, 510 U.S. at 555. Therefore, the plaintiff's Recusal Motion is **denied**.

The plaintiff must file any amended complaint consistent with the Court's November 16, 2022 Opinion by **January 13, 2023**.

5

If the plaintiff fails to file an amended complaint by that time, the Court will dismiss the claims that were dismissed without prejudice to filing an amended complaint in the November 16, 2022 Opinion.[3] In the meantime, any further correspondence from the plaintiff would be inappropriate, unless specifically requested or permitted by the Court.

The Clerk is respectfully directed to close ECF Nos. 85 and 87, to mail a copy of this Order to the pro se plaintiff, and to note such mailing on the docket.

**SO ORDERED.**

Dated:   New York, New York
         December 14, 2022

                                         /s/ John G. Koeltl
                                         John G. Koeltl
                                         United States District Judge

---

[3] Because the Court ruled in its November 16, 2022 Opinion that the plaintiff's state criminal convictions barred certain of his 42 U.S.C. § 1983 claims under Heck v. Humphrey, 512 U.S. 477 (1994), and because the plaintiff may be able to reassert such claims if his convictions are reversed or invalidated, any such dismissal of the Heck-barred claims would be without prejudice. See November 16, 2022 Opinion at 22-23, 30; Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of [a] case on Heck grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted should the plaintiff's conviction be [invalidated]."). Such a dismissal would ensure that the plaintiff's § 1983 claims, if reasserted upon the reversal or invalidation of the plaintiff's convictions, are not barred by res judicata. Kuriakose v. City of Mount Vernon, 41 F. Supp. 2d 460, 470 (S.D.N.Y. 1999) ("As a dismissal without prejudice does not operate as an adjudication on the merits, the doctrines of res judicata and collateral estoppel do not apply here.").