UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY ALEXANDER HOOKS,

                    Plaintiff,

-v.-

CITY OF NEW YORK, et al.,

                    Defendants.

21 Civ. 10771 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

*Pro se* Plaintiff Wesley Alexander Hooks brings this action against attorney Stephen Edwards,[1] alleging violations of his constitutional rights in connection with his February 16, 2020 arrest and related prosecution. Before the Court are two applications filed by Plaintiff: a motion for "Intervention by the United States" dated January 3, 2023, *see* ECF No. 96, and a motion for a "Stay of the Proceedings to Enforce the Judgment" and for "Default Judgment" dated January 31, 2023, *see* ECF No. 100. For the reasons set forth below, both motions are DENIED.

**I. DISCUSSION**

**A. Motion for Intervention**

Federal Rule of Civil Procedure 5.1 sets forth the procedural requirements governing cases in which a party "files a pleading, written motion, or other paper drawing into question the

---

[1] Hooks had also filed this action against the City of New York, the New York City Police Department, the NYPD's 13th Precinct, Tara A. Convery, the Legal Aid Society, Adam Neal, Jamie Niskanen-Singer, Kenmore & Associates LP, and Ralph Garcia. On January 17, 2023, Hooks filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). *See* ECF No. 98. Because none of the aforementioned parties filed an answer or moved for summary judgment, Hooks's Rule 41(a) notice terminated each of them from this action. *See* ECF No. 112; *see also* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing for the voluntary dismissal of those defendants who have not "serve[d] either an answer or a motion for summary judgment"). By contrast, Edwards has interposed an answer, *see* ECF No. 15, and Hooks's Rule 41(a) notice thus did not terminate Edwards from this action.

constitutionality of a federal or state statute." Fed. R. Civ. P. 5.l(a). As relevant here, Rule 5.1(c) authorizes the Government "to intervene" in such cases. *Id.* 5.1(c).

Invoking Rule 5.1, Hooks contends that the United States must be allowed "to intervene for [the] presentation of evidence" on Hooks's behalf. ECF No. 96. Hooks previously raised this argument in his "Objection" to the Court's November 16, 2022 Opinion. *See* ECF No. 86 (arguing that the Court "shall permit the United States to 'intervene for [the] presentation of evidence'" (quotation marks omitted)). The Court rejected that argument in its December 14, 2022 Opinion. *See Hooks v. City of New York*, No. 21 Civ. 10771 (JGK), 2022 WL 17669523, at *1 (S.D.N.Y. Dec. 14, 2022) ("*Hooks I*").[2]

Rule 5.1 is wholly inapplicable to this case. That statute only controls in cases where a party "draws into question the constitutionality of" a statute. Fed. R. Civ. P. 5.l(a). Hooks's Complaint is "devoid of any allegations suggesting that [he] intended to challenge the constitutionality of a statute." *Hooks I*, 2022 WL 17669523, at *1. "[R]ather, [he] alleged that the actions of [Edwards] violated his constitutional rights." *Id.*; *see, e.g.*, ECF No. 3 (Compl.) at 12 (alleging that Edwards "knowingly, willingly, voluntarily, illegally violat[ed] . . . [his] constitutional rights"). In the absence of a challenge to "the constitutionality of a federal or state statute," Hooks cannot avail himself of Rule 5.1. Accordingly, his motion for intervention pursuant to Rule 5.1 is denied.

**B. Motion for Stay and for Default Judgment**

Hooks also moves for a "Rule 62 stay of proceedings to enforce a judgment" and for a "Rule 55 default judgment." ECF No. 100. Hooks has previously sought this same relief, *see* ECF No. 16 at 1 (requesting "a Rule 62 stay of proceedings to enforce a judgment and Rule 55

---

[2] The December 14, 2022 Opinion, as well as the March 22, 2022 Opinion addressed *infra*, were issued by Judge Koeltl, to whom this case was previously assigned.

default judgment as to Edwards"), which the Court squarely denied in its March 22, 2022 Opinion, *see Hooks v. City of New York*, No. 21 Civ. 10771 (JGK), 2022 WL 845787, at *2 (S.D.N.Y. Mar. 22, 2022) ("*Hooks II*"). The Court concludes, as it did in *Hooks II*, that Hooks's application is without merit.

Federal Rule of Civil Procedure 55 provides for entry of a default against a party who "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Edwards, who is proceeding *pro se*, appeared in this action and filed his answer on March 3, 2022, *see* ECF No. 15—just six days after his answer was due. *See, e.g.*, *Meehan v. Snow*, 652 F.2d 274, 275 (2d Cir. 1981) (denying application for default judgment where defendants "were ten days late in serving their amended answer to th[e] amended complaint"); *Campbell v. Shenendehowa Cent. Sch. Dist.*, No. 93 Civ. 227, 1993 WL 133726, at *2 (N.D.N.Y. Apr. 23, 1993) (default judgment unwarranted where "defendants' answer was only seven days late" (citing *Meehan*, 652 F.2d at 277)). Furthermore, Hooks "cannot claim credibly that any delay by Edwards prejudiced [Hooks]," *Hooks II*, 2022 WL 845787, at *2, or "that the late service of [Edwards's] answer was willful," *Meehan*, 652 F.2d at 277. Accordingly, Hooks's application for a default judgment is denied.

Hooks's request for a "Rule 62 stay of the proceedings to enforce the judgment" fares no better. "Federal Rule of Civil Procedure 62 is inapposite where, as here, no judgment has been entered against any party." *Hooks II*, 2022 WL 845787, at *2. Hooks's application pursuant to Rule 62 is thus denied.

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff Wesley Alexander Hooks's motions for "Intervention by the United States," *see* ECF No. 96, and for a "Stay of the Proceedings to Enforce the Judgment" and for "Default Judgment," *see* ECF No. 100.

3

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF Nos. 96 and 100.  The Clerk of Court is further directed to mail a copy of this Order to the *pro se* Plaintiff and to *pro se* Defendant Stephen Edwards.

SO ORDERED.

Dated: September 30, 2023
New York, New York

>                                              *Jennifer H. Rearden*
>                                              JENNIFER H. REARDEN
>                                              United States District Judge