```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESLEY ALEXANDER HOOKS,

                      Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                      Defendants.

21-CV-10771 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On January 17, 2023, *pro se* Plaintiff Wesley Alexander Hooks filed a motion for voluntary dismissal as to Defendants The City of New York, Tara A. Convery, Ralph Garcia, Kenmore & Associates LP, Adam Neal, Jamie Niskanen-Singer, The Legal Aid Society, and Stephen Edwards. Dkt. No. 98. On July 18, 2023, Judge Rearden, formerly assigned to this case, granted the motion as to all defendants except Defendant Stephen Edwards, who had answered the Complaint. Dkt. No. 112. Since the issuance of this Order, Defendant Edwards has been the only defendant remaining in this action, and no event of any significance to the case has occurred since that time, other than Judge Rearden's denial of a motion for default judgment against Defendant Edwards. Dkt. No. 115. The matter was re-assigned to the undersigned on April 18, 2024, and the only events in the case since that time have been the correction of Defendant Edward's mailing address, as the undersigned noticed that, due to a clerical error, all documents in this case had been sent to Defendant Edwards at the wrong address (and thus had been consistently returned as undeliverable). Dkt. No. 116.

      On August 22, 2024, Plaintiff filed a "notice of motion" seeking a "FACE TO FACE With Your Honor[.]" Dkt. No. 117 at 1. The right to access the courts is not absolute, and does not entitle a party to a conference with the court. *Cf. Kirton v. Hassel*, No. 98 CV 1371 (SJ), 1998 WL 146701, at *3 (E.D.N.Y. Mar. 25, 1988) ("It is well established that one has a constitutional right to *reasonable* access to the courts." (emphasis added) (citing *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997)). It is common in this court, and in federal courts around the country, for matters to be resolved on the papers, where appropriate, without any requirement that an in-person conference be held on any particular matter. Here, for the reasons set out below, this matter does not require an in-person conference to resolve, and none of the requests in Plaintiff's motion are pertinent to the remaining issues in this case. Thus, Plaintiff's motion is **DENIED**. The Clerk of Court is respectfully directed to terminate Dkt. No. 117.

      Furthermore, upon review of the Plaintiff's amended complaint (Dkt. No. 3) and Edwards' answer (Dkt. No. 15), the Court finds that there is no possible basis, in fact or in law, for maintaining a federal action against Defendant Edwards. Despite multiple opportunities to do so, Plaintiff has proffered no basis on which a federal action can be maintained against Defendant Edwards, even accepting all allegations in the amended complaint as true. Moreover,

and perhaps most importantly, Plaintiff himself moved to dismiss the action against Defendant Edwards over a year ago. Dkt. No. 98. The only reason Judge Rearden did not dismiss all claims against Defendant Edwards at that time was because he had filed an Answer and thus under Rule 41(a)(1) could not be dismissed on the Plaintiff's motion alone, under that subsection of the Rule. However, for the reasons set forth above, the Court finds that good cause exists under Rule 41(a)(2) of the Federal Rules of Civil Procedure for the Court to grant Plaintiff's unopposed motion to dismiss Defendant Edwards from the action as well. *See Farkash v. Five Star Travel Inc.*, No. 18 Civ. 03699 (ALC), 2019 WL 4600956, at *2 (S.D.N.Y. Sept. 23, 2019) ("Ordinarily, when a plaintiff files [] a notice [of voluntary dismissal] the case is immediately closed. . . . Generally, plaintiffs will be bound by the filing of such submissions, regardless of whether the submissions were filed *pro se*."), *aff'd* 841 F. App'x 278 (2d Cir. 2021); *see, e.g., Graham Kandiah, LLC v. J.P. Morgan Chase Bank, N.A.*, No. 08 Civ. 6956 (JGK), 2009 WL 1704570, at *3–4 (S.D.N.Y. June 18, 2009) (denying *pro se* plaintiff's request for relief from a judgment resulting from a Rule 41(a) notice of voluntary dismissal, as "a *pro se* party may not be excused for failing to consult a Federal Rule of Civil Procedure that clearly states the consequences of taking or failing to take a particular action" (citing *Edwards v. Immigr. and Naturalization Serv.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."))); *Dicks v. Chow*, 114 F. App'x 44, 45 (2d Cir. 2004) (rejecting plaintiff's request that the court "reverse the [dismissal of the action stemming from plaintiff's Rule 41(a) notice] and allow the proceedings" to move forward (alterations omitted)).

The Clerk of Court is directed to CLOSE the case and mail a copy of this Order to Plaintiff and to Defendant Edwards.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when appellant seeks review of a nonfrivolous issue).

Dated: September 3, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge